```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GIOVANNI TOSTI,                                                 :
                                                                :
                                  Plaintiff,                    :   MEMORANDUM & ORDER
                -against-                                       :   18-cv-06640 (DLI)(CLP)
                                                                :
SILVER STAR AUTO RESOURCES LLC D/B/A                            :
SILVER STAR MOTORS, AND MICHAEL                                 :
COHEN,                                                          :
                                                                :
                                  Defendants.                   :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On November 20, 2018, Plaintiff Giovanni Tosti ("Tosti" or "Plaintiff") filed this diversity action pursuant to 28 U.S.C. § 1332(a) against Silver Star Motors, LLC, ("Silver Star") and Michael Cohen ("Cohen," collectively, "Defendants"), alleging defamation and breach of contract, under New York law. *See generally*, Complaint, Dkt. Entry No. 1 ("Compl."). On December 20, 2018, Plaintiff amended the complaint to include additional factual allegations. *See*, Amended Complaint, Dkt. Entry No. 5 ("Am. Compl."). Defendants moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' motion to dismiss the defamation claim is denied and granted as to the breach of contract claim.

## BACKGROUND[1]

In October 2010, Cohen recruited Tosti, a 55-year-old Massachusetts car dealer, to manage and oversee Silver Star, his Mercedes Benz dealership located in Long Island City, in New York. Am. Compl. ¶ 11. Tosti, who had extensive experience running car dealerships, was earning $600,000 per year managing a Lexus dealership in Massachusetts and only agreed to relocate to

---

[1] The following facts are taken from the Amended Complaint, which are assumed true for the purpose of deciding this motion and all reasonable inferences are drawn in Plaintiff's favor at this stage. *See*, *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

New York if he were certain that his retirement was taken care of. *Id.* ¶¶ 14-15, 18. Cohen "promised" Tosti that he "would be employed at Silver Star until retirement, at which time he would receive a generous compensation package." *Id.* ¶ 19. Tosti agreed to manage Silver Star, at a yearly salary of "$480,000 and six percent of the net profit for the first $2,000,000 net and 10 percent after that, plus benefits, a demo car, gas and expenses." *Id.* ¶ 16. There is no allegation that a written contract was executed between the parties. *See generally*, Am. Compl.

Tosti started working at Silver Star in February 2011. *Id.* ¶ 23. Under Tosti's management, over the course of several years, Silver Star saw "tremendous growth both in size and profit" and its value increased from "$19 million . . . to being worth over $90 million." *Id.* ¶¶ 24, 26. Silver Star even constructed "a ten-story building which would be used as a showroom and residential building." *Id.* ¶ 28. Given the company's success, Cohen reassured Tosti "that he would take care of him given how much he had done for the business" and "would honor his retirement plan." *Id.* ¶ 27.

Tosti alleges that Cohen used Silver Star to engage in conduct that was against Mercedes Benz's policy. *See generally*, Am. Compl. He claims that Cohen assigned Mercedes Benz loaner cars to his friends, family members and Silver Star employees when Mercedes Benz made available only to consumers. *Id.* ¶ 22. Tosti refused to take a loaner car for his own use and advised Cohen that this practice went against corporate policy. *Id.* ¶¶ 21–22. Tosti claims that, when Mercedes Benz audited the usage of the loaner cars, Cohen ordered Tosti to cover up what Cohen had done, but Tosti refused. *Id.* ¶ 36–37.

Tosti further alleges that Cohen falsely reported warranty claims when Mercedes Benz flagged Silver Star for having a high warranty index. *Id.* ¶¶ 30–33. When Mercedes Benz inquired about these false reports, Cohen sacrificed another employee, who he falsely blamed for the

2

reports. *Id.* ¶ 35. Cohen allegedly also directed Tosti to "falsify the warranty records" when Mercedes Benz was auditing Silver Star's warranty process, but Tosti refused. *Id.* ¶ 39.

Tosti further contends that Cohen "falsely identified Tosti to representatives of Mercedes Benz as the culprit of the problems that Mercedes had uncovered." *Id.* ¶ 43. When Tosti asked Cohen if he had told Mercedes Benz representatives that Tosti was responsible for the irregularities, Cohen did not deny it. *Id.* ¶ 42. Pressured by Mercedes Benz to fix the irregularities, Cohen fired Tosti as a "sacrificial lamb" on August 6, 2018, breaching their oral contract. *Id.* ¶¶ 41, 45.

Defendants move to dismiss Plaintiff's claims arguing that Plaintiff failed to satisfy the required pleading elements for defamation and breach of contract. *See*, Defs.' Mem. of Law, Dkt. Entry No. 15 ("Defs.' Mem.") at 1. Plaintiff opposed. Pl.'s Mem. in Opp. ("Pl.'s Mem."), Dkt. Entry No. 17. Defendants replied. Defs.' Reply, Dkt. Entry No. 21.

## DISCUSSION

**I.     Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "a formulaic recitation of the elements of a cause of action." *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555) (citations and internal quotation marks omitted). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). On a motion to dismiss, the court accepts as

3

true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. New York Cardiothoracic Grp., PLLC*, F.3d 471, 475 (2d Cir. 2009) (citations and internal quotation marks omitted).

## II.     Choice of Law

As an initial matter, the Court must determine which state's law to apply here. *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999) ("Federal courts exercising diversity jurisdiction must . . . determine which state's substantive law applies."). When jurisdiction in a case is premised upon diversity of citizenship, the choice of law rules and statutes of limitations of the state in which the court sits are applied. *See*, *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State"). The parties have not raised a choice of law issue, and both parties rely on New York law in support of their respective positions. *See, e.g.*, *Tehran-Berkeley Civil & Envtl. Engineers v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989) (finding implied consent to use a forum's law where parties' briefs relied on New York law). Accordingly, New York law applies.

## III.    Analysis

### A.     Defamation

"Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Bloom v. Fox News of Los Angeles*, 528 F. Supp.2d 69, 73 (E.D.N.Y. 2007); *See also*, *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001). "Under New York law, the elements for a slander cause of action are (i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting

4

slander per se, and (vii) not protected by privilege." *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 528 (2d Cir. 2018) (citing *Loksen* 239 F.3d at 265–66).

In an action for slander under New York law "the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally." N.Y. C.P.L.R. § 3016. However, federal courts only "require that the alleged defamatory statements be pleaded with sufficient specificity to put the defendants on notice." *Id.* (citing *Geisler v. Petrocelli,* 616 F.2d 636, 640 (2d Cir.1980)); *See also*, *Sebastiani v. Brooklyn Hosp. Ctr.*, 2019 WL 3281010, at *4 (E.D.N.Y. July 19, 2019) ("The central concern at the pleadings stage of a defamation case is that the complaint afford the defendant sufficient notice of the communications complained of to enable him to defend himself") (internal quotation marks omitted)). In addition, New York's strict pleading requirements do not apply in a diversity action. *See*, *Bloom v. Fox News of Los Angeles*, 528 F. Supp.2d at 73–74. Here, Plaintiff has pled facts that sufficiently give Defendants notice of the purported defamation.

On the face of the complaint, Tosti alleges that Cohen falsely advised Mercedes Benz representatives that Tosti was responsible for the irregularities uncovered in a series of corporate audits of the dealership. Am. Compl. ¶ 49. At this stage, the Court reads the complaint broadly and liberally to draw all reasonable inferences in favor of Plaintiff and finds that Tosti pled enough facts to show that Cohen's statements were false. *See*, *Tannerite Sports, LLC v. NBCUniversal News Group,* 864 F.3d 236, 247 (2d Cir. 2017). Specifically, Tosti's claims that he advised against and refused to participate in any improper altering of the dealership's records concerning warranties and the use of the loaner cars support a showing that Cohen's statements were defamatory. Am. Compl. ¶¶ 32, 37, 39.

The Court also finds that Tosti has pled the publication element adequately, even though he did not identify the Mercedes Benz representatives by name. Tosti identifies: (1) Cohen as the

5

speaker of the defamatory statement; (2) the statement itself; (3) when the statements were made (in July and August 2018); and, notably, (4) the organization that allegedly received Cohen's statements. Fed. R. Civ. P. 8(a)(2) does not require that a specific individual at an organization be named, "so long as the complaint's allegations are otherwise sufficient to provide notice of Plaintiff's claim." *Sebastiani*, 2019 WL 3281010 at *4 ("a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief").

Tosti does not provide any concrete calculation as to his actual losses caused by the alleged defamation. However, a complaint establishes a plausible claim for an injury when a statement is defamatory per se. "A writing which *tends* to disparage a person in the way of his office, profession or trade is defamatory per se and does not require proof of special damages." *Celle v. Filipino Rptr. Enterprises Inc.*, 209 F.3d 163, 179 (2d Cir. 2000) (citing *Davis v. Ross*, 754 F.2d 80, 82 (2d Cir. 1985) (emphasis in original) (internal quotation marks omitted). Here, statements alleging that Tosti, as the general manager of a car dealership, falsified warranty reports and misused loaner cars qualify as defamation per se. They reflect directly on his "way of office, profession, and trade." Therefore, Defendants' motion to dismiss the defamation cause of action is denied.

### B. Breach of Contract

Defendants contend that there was no breach of contract because Plaintiff was an at will employee. *See*, Defs.' Mem. at 9. Defendants largely rely on *Weiler v. Nat'l Multiple Sclerosis Soc'y*, 1980 WL 104, at *4 (S.D.N.Y. Feb. 27, 1980), where the court held that, "[t]he alleged oral employment contract, providing that plaintiff could work until he chose to retire, is without doubt, a contract for an indefinite period of time." It is well settled in New York that, "where an employment is for an indefinite term, it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason." *Hunnewell v.*

6

*Manufacturers Hanover Tr. Co.*, 628 F. Supp. 759, 762 (S.D.N.Y. 1986) (citing *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, (1983)) (internal quotations omitted). Here, Tosti does not allege any specific time period for the duration of his contract with Cohen. Tosti alleges that "Cohen promised that [he] would be employed at Silver Star until retirement" and will be provided with a "golden parachute." Am. Compl. ¶¶ 18–19. He cannot overcome the well settled presumption that his employment was at will simply by relying on alleged oral assurances, especially without any other details about the agreement. Notably, the phrase, "until retirement," does not state explicitly a definite term during which Tosti could expect to remain employed. Thus, Tosti's employment was at will under New York law. *See*, *Weiler*, 1980 WL 104, at *4 ("[T]he very phrase, 'until he chose to retire,' is indicative of the indefinite time period of the contract").

Tosti counters that "the boundaries of the beginning and end of [his] employment period was sufficiently ascertainable." Am. Compl. ¶ 60. Tosti relies on *Rooney v. Tyson*, 91 N.Y.2d 685 (1998), where the New York State Court of Appeals found that an oral contract between a boxer and his trainer that was to last "for as long as the boxer fights professionally" was a definite term. *See*, Pl.'s Mem. at 14. That court found "the durational term was understandable to the parties." *Rooney*, 91 N.Y.2d at 692. However, *Rooney* was a limited exception to the well established presumption. *See*, *Gallagher v. Savarese*, 2001 WL 1382581, at *4 (S.D.N.Y. Nov. 7, 2001) ("*Rooney v. Tyson* created an exception to the 'at will' employment presumption"). The New York State Court of Appeals emphasized in *Rooney* that its decision "in no way alters the force and effectiveness of general long-standing principles relating to commercial agreements, otherwise governed by common-law or statutory standards." *Id*. at 693. Thus, a contract for employment with no specific term is terminable at will and does not give rise to a cause of action. Therefore, Defendants' motion to dismiss the breach of contract cause of action is granted.

7

## **CONCLUSION**

For the reasons set forth above, Defendant's motion is denied as to the defamation claim and granted as to the breach of contract claim, which is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2020

/s/
DORA L. IRIZARRY
United States District Judge